## TIMES HERALD PUB. CO. v. PHILADELPHIA RECORD CO.

### No. 15714.

District Court, E. D. Pennsylvania.
Nov. 24, 1930.

Morris M. Wexler, of Philadelphia, Pa., for plaintiff.

Fox, Rothschild, O'Brien & Frankel, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge.

The plaintiff issued a summons in trespass returnable the first Monday of November, 1930. At the same time it filed a statement of claim in trespass indorsed with a notice to defendant to file an affidavit of defense within fifteen days from service thereof. On November 7, 1930, upon motion a rule upon the plaintiff was allowed to show cause why the statement of claim should not be stricken off.

The motion for the rule assigned two reasons: First, that the statement of claim fails to contain the indorsement required under rule 48 of the court of common pleas of Philadelphia county, notifying the defendant that it is required to file a plea within fifteen days from service thereof; and, second, that the statement of claim is designated as one in trespass and therefore fails to comply with the rules of common law on pleadings applicable to actions of libel and slander requiring a declaration.

The Conformity Act, Rev. St. § 914, 28 USCA § 724, provides as follows: "The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity

and admiralty causes, in the district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held, any rule of court to the contrary notwithstanding."

The Pennsylvania Assembly Act of May 25, 1887, P. L. 271, provides, in section 2 (12 PS § 2), "that, so far as relates to procedure, the distinctions heretofore existing between actions ex-delicto be abolished, and that all damages, heretofore recoverable in trespass, trover or trespass on the case, shall hereafter be sued for and recovered in one form of action, to be called an 'action of trespass.'"

The Pennsylvania Procedure Act of May 14, 1915, P. L. 483, in section 1 (12 PS § 382), excepts actions for libel and slander from the rules of practice and procedure therein set out. If, therefore, the action is one of trespass or trespass on the case, it is properly brought, under the act of 1887, as an action of trespass and an affidavit of defense is required within fifteen days from the date of service. If, however, it is an action for libel, a plea is required within fifteen days after the return day upon notice, as required by Rule XX, section 1, of this court.

We think that the rule of this court above cited conforms "as near as may be" to the practice and procedure existing in like causes in the state courts within the Eastern district of Pennsylvania, excepting the changes in practice and procedure under the act of 1915.

The attorneys in the case have suggested in their briefs that this court is required to follow the rules of the courts of common pleas of Philadelphia county. There are nine other counties in the district, and, so far as we are aware, except as above stated, the provisions of Rule XX of this court are substantially in conformity with the state procedure. The above comments are made, in passing, for the purpose of recalling to the minds of the members of the Philadelphia bar that it would be impracticable for this court to consider itself bound by the rules of the courts of common pleas of Philadelphia county rather than the rules of the courts of any of the other nine counties in this district. We think, until amended rules are adopted, the provisions of Rule XX are pertinent in an action for libel and conform "as near as may be" to the practice and procedure in like causes in the state courts of this district.

An examination of the statement of claim clearly shows that the plaintiff's action is one in trespass on the case and not for libel, and is therefore properly brought in trespass under the Pennsylvania Act of May 25, 1887, and that therefore, in accordance with the notice in the indorsement under the Act of May 14, 1915, P. L. 483, § 10 (12 PS § 392), the defendant is required to file an affidavit of defense.

The statement of claim does not disclose an action for libel of the plaintiff. It charges the publication by the defendant of an anonymous letter which it is alleged was falsely stated in the defendant's newspaper to have been printed and published by the defendant. It charges that the publication was sensational, scandalous, and defamatory, in that it charged certain public officials and persons prominant in political affairs with actions, the publication of which reflected upon the conduct and character of those officials and other persons. The statement of claim avers that the letter, alleged to be libelous, the publication of which was credited by the defendant to the plaintiff, was at no time ever printed or published by the plaintiff, that the statement charging its publication to the defendant is false and untrue, and that it was falsely and maliciously published. The statement of claim sets forth special damages which the plaintiff avers it has sustained as the result of the defendant's false charges. While, therefore, the statement of claim charges that the publication was defamatory and libelous is respect to the persons named, the gist of the action and the ground on which damages were sought are not for libel of the plaintiff, but for causing damage to the plaintiff in printing and publishing a false and malicious statement that the plaintiff had published a libel.

The rule to show cause why the statement of claim should not be stricken off is discharged, with leave to the defendant to file an affidavit of defense within fifteen days.